IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-20034
Summary Calendar

NEDAL OTHMAN

Plaintiff-Appellant

V.

MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY; EMILIO GONZALEZ; SHARON HUDSON; ROBERT
MUELLER

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:07-MC-352

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the denial of attorneys' fees under the Equal Access
to Justice Act. We AFFIRM.

On February 16, 2006, Nedal Othman, who had been a lawful permanent
resident alien since May 2001, filed an application for naturalization to become
a United States citizen with Citizenship and Immigration Services ("CIS"), a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

bureau within the Department of Homeland Security. CIS is required to interview each applicant. Once that interview takes place, CIS has 120 days to decide whether the applicant will be granted citizenship. 8 U.S.C. §§ 1446-1447. CIS interviewed Othman on May 12, 2006, but a determination was not made within the 120-day deadline. See Walji v. Gonzales, 500 F.3d 432, 433 (5th Cir. 2007) (the 120 day period begins to run after the application interview).

Accordingly, on June 27, 2007, Othman filed suit in the district court, asserting his statutory right to judicial intervention:

> If there is a failure to make a determination [on the application for naturalization] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [CIS] to determine the matter.

8 U.S.C. § 1447(b). After the district court accepted jurisdiction, the government requested that the district court remand the case to CIS. Othman did not oppose that motion. The district court remanded and instructed CIS to rule on the application no later than January 25, 2008. The government informed the court that Othman's application had been approved on November 9, 2007.

Othman subsequently filed a motion in the district court for an entry of final judgment and for an award of attorneys' fees. The district court denied Othman's request for a final judgment, explaining that the "order of remand is not a judgment." The district court also denied Othman's request for attorneys' fees without explanation. Othman appealed to this court. We issued a stay and ordered a limited remand because it was unclear whether the district court had entered a final judgment. On July 17, 2008, the district court entered an order of final dismissal, noting that Othman's naturalization claim was now moot

because he previously had been granted citizenship. His request for attorneys' fees was again denied. This appeal followed.

## Discussion

The district court rejected Othman's request for attorneys' fees under the Equal Access to Justice Act. The statute provides that

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). We review a district court's decision on attorneys' fees under the statute for an abuse of discretion. United Bhd. of Carpenters & Joiners of Am., Local 2848 v. NLRB, 891 F.2d 1160, 1162 (5th Cir. 1990). However, whether a party prevailed for purposes of the statute is a legal issue reviewed here de novo. Bailey v. Mississippi, 407 F.3d 684, 687 (5th Cir. 2005).

To receive prevailing-party status, a plaintiff "must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." Walker v. City of Mesquite, Tex., 313 F.3d 246, 249 (5th Cir. 2002) (citing Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)).

We need look no further than the first consideration to determine that Othman was not a prevailing party in this litigation. The district court entered neither an enforceable judgment nor a consent decree. Instead, the court simply remanded the action to CIS and ordered that a determination be made by January 25, 2008. This action lacked the "judicial imprimatur" necessary to

confer prevailing-party status on Othman.  See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001).

Othman suggests that an opinion by the First Circuit compels a different result.  See Aronov v. Chertoff, 536 F.3d 30 (1st Cir. 2008).  In Aronov, the plaintiff and the government filed a joint motion requesting that the court "remand this matter to USCIS so that it can grant plaintiff's application for naturalization and schedule plaintiff for an oath ceremony . . . ."  Id. at 33.  Thus, the court ordered a particular result to be reached by CIS.  Id. at 35.  Here, the district court did not enter any decision about the merits of Othman's naturalization application.  The government only received Othman's background report – a statutory prerequisite for naturalization – from the FBI after the case was remanded.  Othman is not entitled to fees under the Act.

The district court's order is AFFIRMED.